## SWEET v TOMAN

Ohio Appeals, 2nd Dist, Darke Co
No 377. Decided Jan 8, 1931

Marion Murphy, Greenville, for Sweet.

Mannix & Billingsley, Greenville, for Thoman.

ALLREAD, J.

This is a proceeding in error from the judgment of the Common Pleas Court. The action in that Court was brought by V. L. Sweet against the defendant, Toman as administrator of John Bolinger and against the sureties upon the official bond of Bolinger as Justice of the Peace.

It appears from the record that an affidavit was filed with Bolinger as Justice of the Peace against Nolan Sweet upon a charge of assault and battery; that the case before said Justice of the Peace proceeded to a final judgment in which the defendant, Sweet was bound to the Court of Common Pleas in the sum of $300.00; that his brother the plaintiff in error furnished the cash bond which was paid to the magistrate and according to his record was deposited in the Greenville Bank. No cash was ever certified to the Court of Common Pleas as provided by law and this action is brought to recover of the administrator of Bolinger and of the sureties upon his official bond as Justice of the Peace for the cash so deposited with him. The trial Court held in favor of defendants upon the decision of **Fritsch vs. Douglas 5 O. C. C., 695.** This case holds that there was no authority at the time of said judgment for the deposit of a cash bond with the Justice of the Peace and consequently his sureties were not liable.

The law as in effect at the time of this decision is as follows:

### Section 13435-8 GC

"In all cases it shall be lawful for the

party required to give recognizance, to deposit cash, liberty bonds or other bonds of the United States, or of the State of Ohio or any subdivision thereof, in an amount equal to the bond, in lieu of real property bond. Any money or bonds received in lieu of other security shall at once be deposited with the clerk of the court or magistrate, and shall be retained by him until the recognizance or bond shall have been exonerated and discharged, and in the event of the forfeiture of any such recognizance the officer having in charge such money or bonds, shall apply the same, or the proceeds therefrom, in satisfaction of any judgment that may be rendered on the recognizance or bond, and in such cases the depositor of such fund shall surrender and forfeit all rights in and to the same, to the extent of such judgment. Provided, that such cash or bonds deposited as heretofore provided shall not be subject to garnishment, attachment nor assignment in any manner whatever, so as to interfere with the right of the state or municipality to collect the full penalty on the bond. All such money so deposited in lieu of bond may, by the order of court, be deposited in some bank or banks at interest, which shall be added to the principal, and disposed of in the same manner as the principal, according to the rights of the parties involved."

This bond is in a general chapter provided for bail. This statute provides that "in all cases" no more comprehensive statute can be enacted .

Many of the preceding statutes refer expressly to proceedings before Justices of the Peace. We do not see how it could be held that this section of the statute does not apply to a magistrate. We do not see how this would make any difference as this statute was intended to cover the subject of the giving of bonds and related especially to magistrates. It is true that there is some uncertainty in the record of the magistrate as to whether the action is one for assault and battery or a proceeding to keep the peace.

We think it is entirely immaterial whether the Justice of the Peace acted upon the affidavit or whether it was a proceeding to keep the peace. In either event we are clear that the action could only be terminated at the following term of the Court of Common Pleas and after the report of the grand jury finding against the appeal and dismissing the proceedings. That would be a sufficient disposal of the proceedings to justify the Court in holding that the cash deposited should be returned. This conclusion is strengthened by **13435-24 GC.**

It is further claimed in the brief that there is no authority for the plaintiff in this case bringing a suit against the magistrate to recover back the deposit of money. We are of opinion, however, that under the facts stated in the petition the party who made the deposit would be entitled to recover the money. We are therefore of opinion that under the facts stated in the Court of Common Pleas that the plaintiff was entitled to a judgment and that the trial court erred in rendering judgment against the plaintiff and in favor of defendants.

Kunkle, PJ, and Hornbeck, J, concur.